

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-9-2005

# Dagtekin v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3277

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Dagtekin v. Atty Gen USA" (2005). *2005 Decisions*. Paper 716.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/716

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

APS-320

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-3277
_____

HACI DAGTEKIN,

<u>Petitioner</u>,

v.

ATTORNEY GENERAL OF THE UNITED STATES,

<u>Respondent</u>

_____

On Petition for Review of a Decision of the
Board of Immigration Appeals
(Agency No. A78 573 466)

_____

Submitted For Possible Summary Action
Under Third Circuit L.A.R. 27.4 and I.O.P. 10.6
July 28, 2005

Before:  SLOVITER, FUENTES AND NYGAARD, <u>CIRCUIT</u> <u>JUDGES</u>

(Filed:  August 9, 2005)

_____

OPINION

_____

PER CURIAM

Haci Dagtekin, a citizen of Turkey, seeks review of an order of the Board of

Immigration Appeals (BIA), affirming an Immigration Judge's decision to deny his motion to reopen proceedings. Dagtekin also moves for a stay of removal pending his petition for review. In response, the Government moves for summary denial of the petition for review. For the following reasons, we will grant the Government's motion, summarily deny the petition for review, and deny as moot Dagtekin's motion for a stay of removal.

Dagtekin entered the United States in February 1999 on a business visa. He overstayed his visa, was placed in removal proceedings, and conceded removability. On February 19, 2004, an Immigration Judge (IJ) granted Dagtekin the privilege of voluntary departure until June 18, 2004, with an alternate order of removal to Turkey. At that time, Dagtekin expressly waived his right to appeal.

On March 31, 2004, prior to the expiration of his voluntary departure period, Dagtekin married a United States citizen. On June 10, 2004, he filed a motion to reopen proceedings before the IJ to adjust his status. The IJ denied the motion to reopen as untimely and as lacking clear and convincing evidence of a bona fide marriage. The BIA agreed that Dagtekin's motion to reopen was untimely and affirmed the IJ's decision.

Through counsel, Dagtekin filed a timely petition for review and a motion for a stay of removal. The Government moves for summary denial of Dagtekin's petition.[1]

_____

[1]  We have jurisdiction to review the BIA's order under 8 U.S.C. § 1252. We review the denial of a motion to reopen for abuse of discretion with "broad deference" to its decision. Ezeagwuna v. Ashcroft, 325 F.3d 396, 409 (3d Cir. 2003). Under this standard, we will reverse the decision only if it is "arbitrary, irrational, or contrary to law." Sevoian

2

Under BIA precedent:

> [A] properly filed motion to reopen may be granted, in the exercise of discretion, to provide an alien an opportunity to pursue an application for adjustment where the following factors are present: (1) the motion is timely filed; (2) the motion is not numerically barred by the regulations; (3) the motion is not barred by Matter of Shaar . . . or on any other procedural grounds; (4) the motion presents clear and convincing evidence indicating a strong likelihood that the respondent's marriage is bona fide; and (5) the Service either does not oppose the motion or bases its opposition solely on Matter of Arthur.

In re Velarde-Pacheco, 23 I. & N. Dec. 253, 256 (B.I.A. 2002); see Bhiski v. Ashcroft, 373 F.3d 363, 371 (3d Cir. 2004) (applying Velarde-Pacheco factors).

Here, the BIA agreed with the IJ that Dagtekin's motion to reopen was untimely. The IJ correctly quoted the regulation providing that a motion to reopen proceedings must be filed "within 90 days of the date of entry of a final administrative order of removal." 8 C.F.R. § 1003.23(b)(1). She also properly cited the regulation under which her decision became final "upon waiver of appeal or upon expiration of the time to appeal if no appeal is taken whichever occurs first." 8 C.F.R. § 1003.39. Dagtekin waived his right to appeal on February 19, 2004, the same day the IJ granted voluntary departure. The ninety-day period for filing a motion to reopen expired on May 19, 2004. Dagtekin's motion to reopen, filed on June 10, 2004, was untimely by three weeks. Neither his motion nor his petition offers any argument to the contrary.

---

v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002). We take summary action only where "no substantial question is presented" or where "subsequent precedent or a change in circumstances warrants such action." 3rd Cir. LAR 27.4.

In sum, we find no basis to conclude that the BIA abused its discretion in denying Dagtekin's motion to reopen as untimely. Accordingly, we will deny the petition for review. In light of our disposition, we deny as moot Dagtekin's motion for a stay of removal pending resolution of his petition for review. See Catney v. INS, 178 F.3d 190, 196 n.9 (3d Cir. 1999).